**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| FREDERICK NOBLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-76-PLC |
| | ) | |
| PAT MELSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of *pro se* plaintiff Frederick Noble for leave to proceed *in forma pauperis*. Plaintiff initiated this action on January 20, 2022 by filing a complaint alleging employment discrimination against an individual named Pat Melson. Plaintiff prepared the complaint using a Court-provided form and checked a box that provides that his lawsuit is based upon the Americans with Disabilities Act of 1990 ("ADA"). More specifically, Defendant avers he suffers from "bipolar depression, OCD, severe anxiety disorder and mild Asperger's [syndrome]." (ECF No. 1 at 5). Plaintiff further states his conditions "cause him to make statements regarding suicide often" and that although his employer was aware of that, he was nevertheless fired for making such a statement. *Id.*

According to the complaint, plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission ("EEOC"). On October 27, 2021, the EEOC issued plaintiff a Notice of Right to Sue, which plaintiff attached to the complaint. The Notice identifies the employer involved as Midtown Home Improvement in Wentzville, Missouri, and notes that Pat Melson is the president.

**Legal Standard on Initial Review**

28 U.S.C. § 1915(e)(2) requires the Court to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  An action is frivolous if it "lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Discussion**

"The ADA bars private employers from discriminating against a qualified individual on the basis of disability." *Faidley v. United Parcel Serv. of America, Inc.*, 889 F.3d 933, 940 (8th Cir. 2018). Employers are required to reasonably accommodate the known physical or mental limitations of an otherwise qualified individual with a disability.  *Kallail v. Alliant Energy Corp. Servs., Inc.*, 691 F.3d 925, 930 (8th Cir. 2012).  To state a claim under the ADA, a plaintiff must show either direct evidence of discrimination, or evidence that is sufficient to create an inference of discrimination under the *McDonnell Douglas*[1] burden shifting framework.  *Didier v. Schwan Food Co*., 465 F.3d 838, 841 (8th Cir. 2006).  Under *McDonnell Douglas*, a plaintiff must establish a *prima facie* case of discrimination by showing that: (1) he has an ADA-qualifying disability; (2) that he is qualified to perform the essential functions of his position, with or without a reasonable accommodation; and (3) that he suffered an adverse action due to his disability. *Id.* (citing *Kratzer v. Rockwell Collins, Inc*., 398 F.3d 1040, 1044 (8th Cir. 2005)).

While employers may be held liable under the ADA, individuals cannot. *See Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999). Therefore, plaintiff fails to state a claim

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

upon which relief may be granted against Pat Melson.  Though employers are subject to suit under the ADA, plaintiff has neither identified his employer in the complaint nor demonstrated an intent to sue a defendant other than Melson.

The Court will provide plaintiff with an opportunity to file an amended complaint.  Plaintiff must type or neatly print the amended complaint on the Court's Employment Discrimination Complaint form.  *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").  The amended complaint replaces the original complaint. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).  Plaintiff may not sue Pat Melson, or any other individual, for employment discrimination under the ADA. *See Alsbrook,* 184 F.3d at 1005 n. 8.

Plaintiff must also prepare the amended complaint in accordance with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief.  Each averment must also be simple, concise and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

Plaintiff has filed a motion to appoint counsel. A *pro se* litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability

3

to investigate the facts and present his claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

In this case, there is no basis to conclude that plaintiff is incapable of representing himself. Additionally, the record before the Court does not disclose either factual or legal issues that are sufficiently complex to justify the appointment of counsel nor does the record demonstrate that the appointment of counsel would otherwise benefit plaintiff or the Court. Thus, the Court denies plaintiff's request for appointed counsel. However, recognizing that circumstances may change, the Court denies the motion for appointment of counsel without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff with a copy of the Court's Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form, in accordance with the instructions set forth above, within **thirty (30) days** from the date of this order.

**Plaintiff's failure to timely comply with this order will result in the dismissal of this case, without prejudice and without further notice.**

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of February, 2022